OSCN Found Document:STATE OF OKLAHOMA ex rel. OBA v. HOPKINS

 

 
 STATE OF OKLAHOMA ex rel. OBA v. HOPKINS2026 OK 26Case Number: SCBD-8100Decided: 04/27/2026THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2026 OK 26, __ P.3d __

 
FOR PUBLICATION IN OBJ ONLY. NOT FOR OFFICIAL PUBLICATION. 

 

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

STATE OF OKLAHOMA ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,
v.
Rob B. Hopkins, Respondent.

ORDER OF IMMEDIATE INTERIM SUSPENSION

¶1 On March 6, 2026, the OBA filed its verified complaint and application for emergency interim suspension against Respondent Rob B. Hopkins, pursuant to Rules 6 and 6.2A, Rules Governing Disciplinary Proceedings, 5 O.S.2011, ch. 1, app. 1-A. With the concurrence of the Professional Responsibility Commission, the OBA requests an emergency interim suspension and related relief to preserve and recover funds, pursuant to Rule 6.2A of the RGDP.

¶2 In support, the OBA reports that eight (8) grievances are currently pending against Respondent in the General Counsel's office. The grievances posit that Respondent has repeatedly engaged in volatile and aggressive behavior toward the courts and opposing counsel, resulting in Respondent being held in direct contempt of court twice. Additionally, two of the grievances allege Respondent's behavior have made cases difficult to litigate, to the detriment of all parties. The OBA posits it has received sufficient evidence demonstrating Respondent has violated Rules 1.3, 3.2, 3.3(a), 3.4(d), 3.5(d), 4.1(a), 8.2(a), 8.4(a), 8.4(b), 8.4(c), 8.4(d) of the Oklahoma Rules of Professional Conduct, and Rule 1.3 of the Rules Governing Disciplinary Proceedings, and that his conduct poses an immediate threat of substantial and irreparable public harm. This Court ordered Respondent to show cause why an emergency interim suspension should not be entered. Respondent failed to file a response.

¶3 Upon consideration of the verified complaint and application for emergency interim suspension, the Court finds that the allegations presented by the OBA are sufficient to support an emergency interim suspension.

¶4 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Respondent Rob B. Hopkins, is hereby suspended from the practice of law, pursuant to Rule 6.2A of the RGDP.

¶5 FURTHERMORE, Respondent is ordered to give written notice by certified mail within twenty (20) days from the date of this Order to his clients of his inability to represent them and the necessity to retain new counsel. If Respondent is a member of or associated with a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which Respondent has substantial responsibility. Respondent shall file a formal withdrawal as counsel in all cases pending in any tribunal. Respondent must file, within twenty (20) days from the date of this Order, an affidavit with the Commission and the Clerk of the Supreme Court stating that he has complied with this Order, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which Respondent is admitted to practice. Proof of substantial compliance by Respondent with this Order shall be a condition precedent for reinstatement.

¶6 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE ON APRIL 27, 2026.

/s/___________________________
CHIEF JUSTICE

CONCUR: ROWE, C.J., KUEHN, V.C.J., WINCHESTER, COMBS, GURICH, DARBY, KANE, and JETT, JJ.

NOT PARTICIPATING: EDMONDSON, J.